## AMERCIAN NATIONAL RED CROSS et v McCOY

Ohio Appeals, 2nd Dist, Fayette Co

No 223. Decided April 15, 1935

Burch D. Higgins, Hillsboro, for plaintiffs-appellant.

N. P. Clyburn, Washington C. H., for defendant-appellee.

## OPINION

By KUNKLE, PJ.

The jurisdiction of the Court of Appeals, under our present constitution, has been considered at various times by our Supreme Court and the rule is well stated in case of **Building Show Company v Albertson, 99 Oh St 11.** The first paragraph of the syllabus in this case is as follows:

"1. The jurisdiction of the Court of Appeals is now conferred only by §6, **Article 4 of the State Constitution.** In the trial of cases on appeal its jurisdiction is thereby limited to chancery cases and can neither be enlarged nor curtailed by the General Assembly."

The question as to what are and what are not chancery cases has been the subject of much controversy in the courts.

The pleadings and the nature of the relief sought must determine whether the action does or does not fall within the class of cases designated as chancery cases.

The only pleading in this case consists of the petition of the plaintiff-appellant, as amended. The petition is somewhat lengthy in that it sets forth the nature and purposes of the American National Red Cross and the will of Jesse Eyman, who died testate in March of 1924 and whose last will and testament was duly admitted to probate by the Probate Court of Fayette County. This action is based upon the provisions of Item 11 of such will of Jesse Eyman, which is as follows:

"Item 11. I direct my said trustees after my death to dispose at public or private sale all the live stock, farming implements, hay, grain, and chattels of every kind and description not herein before bequeathed to James and Lizzie Finn and not needed by them for the operation of my lands and the proceeds thereof paid one-third each to the local chapter of the Red Cross of Fayette County, Ohio, Highland County, Ohio and Ross County, Ohio."

The eleventh paragraph of the petition is as follows:

"The terms and provisions of said last will and testament as contained in said items 10 and 11 have been complied with only in part in this to-wit: the said personal property therein described has been disposed of, that the part of the proceeds thereof which were in the total sum of $4852.50 paid as follows: one-third of said proceeds or the sum of $1617.50 to the local chapter of the American National Red Cross of Fayette County, Ohio, and one-third of said proceeds or the sum of $1617.50 to the local chapter of the American National Red Cross of Ross County, Ohio, said payments and each thereof having been made on or about the 8th day of April, 1926. The remaining one-third is in the possession of the defendant herein who retains the same and neglects and refuses and continues to neglect and refuse to pay the same to the plaintiffs or either of them, although demand by the plaintiffs herein has been duly made on defendant for said payment to the plaintiffs herein or either of them.

By reason of the premises, plaintiff asks judgment against defendant in the sum of $1617.50 with interest at 6% from April 8, 1926 and for all proper relief in law or equity."

The praecipe attached to this petition is as follows:

"To the Clerk: Please issue summons on defendant in above entitled cause directed to sheriff of Fayette County, Ohio returnable according to law. Endorsed 'Action for money, amount claimed $1617.50 with interest from April 8, 1926 at 6% for which judgment may be taken and for other proper relief to which the plaintiffs may be entitled at law or equity."

Is the cause of action stated by plaintiffs in the petition an action at law or a proceeding in chancery? From a consideration of the petition and of the authorities, we can not escape the conclusion that the plaintiffs' cause of action is clearly a proceeding in law and not in chancery.

The petition states that the sum of $1617.50, under the provisions of Item 11 of the will of Jesse Eyman has been paid to both the American National Red Cross of Fayette County and the American National Red Cross of Ross County and seeks to recover judgment in the sum of $1617.50 under the provisions of Item 11 of the will of Jesse Eyman for the American National Red Cross of Highland County.

The provisions of Item 11 of the will of Jesse Eyman constitute a direct gift and not a charitable trust to the three local chapters of the Red Cross mentioned therein. Insofar as these items are concerned no trust is attempted to be created by the will, but the proceeds derived from the sale of certain chattel property was ordered paid direct to such local chapters of the Red Cross.

From our consideration of the petition, the nature of the relief sought and the authorities, we are of opinion that this court has no jurisdiction of the case on appeal and the motion to dismiss the appeal must, therefore, be sustained.

BARNES and HORNBECK, JJ, concur.